**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



BEATRIZ JOSEPHINE OTINIANO
PAUCARCAJA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-2245

Agency No.
A209-865-156

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2025[**]
Pasadena, California

Before: SANCHEZ and H.A. THOMAS, Circuit Judges, and DONATO, District
Judge.[***]

Beatriz Josephine Otiniano Paucarcaja, a native and citizen of Peru, petitions

for review of a decision by the Board of Immigration Appeals ("BIA") affirming a

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable James Donato, United States District Judge for the
Northern District of California, sitting by designation.

decision by an Immigration Judge ("IJ") (collectively, "the Agency") denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). "Where, as here, the BIA cites [*Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994)] and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011). "We review factual findings for substantial evidence and legal questions de novo." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

1. The Agency did not err in denying Paucarcaja's applications for asylum and withholding of removal. Substantial evidence supports the Agency's dispositive finding that Paucarcaja was threatened with death as a means of obtaining the location of her partner's employer in furtherance of criminal activity and not because of any asserted protected ground.[1] *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1019 (9th Cir. 2023) ("Where the record indicates that the persecutor's actual motivation for threatening a person is [extortion], the record does not compel finding that the persecutor threatened the target because of a protected characteristic such as family relation."); *Zetino v. Holder*, 622 F.3d 1007,

---

[1] Paucarcaja proffered two particular social groups: (1) "her family relationship with the father of her child" and (2) "her status as a woman in Peru who Peruvian officials cannot and do not protect from harassment."

1016 (9th Cir. 2010) (holding that a noncitizen's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). This no-nexus determination forecloses Paucarcaja's eligibility for both asylum and withholding of removal. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017).

2. Substantial evidence supports the Agency's conclusions that the threatening phone calls and letters Paucarcaja received did not amount to torture, and she does not meaningfully develop her argument that the Agency violated her due process rights by failing to consider specific evidence in denying her CAT claim. Substantial evidence also supports the Agency's conclusions that Paucarcaja failed to establish it was more likely than not she would be tortured if removed to Peru and that any harm Paucarcaja fears would not be caused by or with the acquiescence of Peruvian authorities, who attempted to investigate her allegations. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706 (9th Cir. 2022) (noting the "high threshold" to prove past torture); *Hussain v. Rosen*, 985 F.3d 634, 647 (9th Cir. 2021) ("Unfulfilled threats are very rarely sufficient to rise to the level of persecution."); *Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005) ("[T]orture is more severe than persecution."); *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("The inability to bring the criminals to justice is not evidence of acquiescence.").

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues.